UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

vs.

D-9, Michael William Mastromatteo,

    Defendant.

Criminal No. 2:11-cr-20129

Honorable Robert H. Cleland

_____

## PRELIMINARY ORDER OF FORFEITURE
_____

  The United States filed an Application for Entry of Preliminary Order of Forfeiture ("Application") seeking a forfeiture order pursuant to 18 U.S.C. § 1963(a)(1)-(3), for (a) any and all interest Michael William Mastromatteo ("Defendant") has acquired or maintained in violation of 18 U.S.C. § 1962; (b) any and all interest in, security of, claim against, or property or contractual right of any kind affording a source of influence over any Enterprise named and described in Count One of the Third Superseding Indictment which Defendant established, operated, controlled, conducted or participated in the conduct of, in violation of 18 U.S.C. § 1962; and (c) any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, from racketeering activity in violation of 18 U.S.C. § 1962, including the following:

(Note: "DD" referenced in the chart below means "Devils Diciples".)

| Item Number | Item Description |
|---|---|
| 22 | Norinco Sporter Assault Rifle, Model SKS, S/N 12219790, 7.62mm with magazines and miscellaneous ammunition |
| 23 | One bin containing miscellaneous boxes of ammunition |
| 24 | SWD-INC M11/9, 9mm, S/N: 89-0013761 w/ magazines |
| 42 | Smith & Wesson Model 57 .41 caliber revolver, S/N: N490895 and black cloth case |
| 268 | Nine framed DD mirrors |
| 270 | Black leather vest with DD patches on the back |
| 271 | One black leather vest with miscellaneous DD patches |
| 272 | One black leather vest with miscellaneous DD patches |
| 273 | One black leather vest with miscellaneous DD patches and pins |
| 274 | One black leather vest with miscellaneous DD patches and pins |
| 275 | One black leather vest with DD patches on the back |

| Item Number | Item Description |
|---|---|
| 276 | One black leather vest with miscellaneous DD patches and pins |
| 277 | Miscellaneous DD memorabilia: one magnet and three patches |
| 287 | Red DD flag with swastika symbol signed by club members |
| 288 | Miscellaneous DD clothing items: 10 t-shirts, one blue satin jacket and one black jacket |
| 293 | Two DD plaques |
| 295 | One DD plaque |
| 299 | One black leather vest with miscellaneous DD patches and pins |
| 300 | One black leather vest with DD patches on the back |
| 301 | One Lite Industries green protective vest |
| 302 | One black velvet DD grave blanket |
| 306 | Miscellaneous DD memorabilia: seven patches |
| 317 | One poster board with four pictures of DD members |
| 324 | One gold colored men's ring with "EK" engraved |

| Item Number | Item Description |
|---|---|
| 325 | One 9mm black magazine |
| 326 | One handgun magazine, black |
| 327 | Eleven 9mm rounds |
| 328 | Twelve 9mm rounds |
| 329 | Miscellaneous ammunition, one bag |
| 330 | One gold colored men's ring with "Devils Diciples" engraved, One gold colored men's ring in the form of "44" |
| 353 | Remington Shotgun, Model Wingmaster 870, S/N S665325V, 12-gauge with barrel for Winchester Model 1200, 12-gauge shotgun (1B54) |
| 372 | One wood fore-stock |
| 373 | One black leather DD vest with "property of Iron" patches on the back |
| 374 | One DD belt, one leather DD belt |
| 375 | One wallet with DD logo with chain attached, leather |
| 376 | One Foodsaver, compact vacuum sealer |
| 377 | One black leather vest with DD patches |

| Item Number | Item Description |
|---|---|
| 378 | One black leather vest with DD patches, one black leather vest with miscellaneous patches and pins |
| 380 | One framed DD award with photograph |
| 387 | One framed photograph, DD |
| 388 | Two DD logo patches |
| 390 | One DD trophy for annual poker run |
| 399 | One DD benefit CD |
| 400 | Miscellaneous DD memorabilia |
| 401 | Seven DD tee shirts and three DD sweatshirts |
| 403 | One Pelouze electronic scale |
| 477 | Smith & Wesson Model 342 .38 caliber revolver, S/N: CER5400 |
| 482 | Walther Model PPK .32 caliber pistol, S/N: 326504K |
| 514 | Casino Poker Machine, Cal Omega (Manufacturer), S/N 800910 |
| 514 | $8.50 removed from Slot Machine in 1B |

| Item Number | Item Description |
|---|---|
| 515 | Draw Poker Machine, Casino Electronics (Manufacturer), Model 327-510, S/N M-2977 |
| 516 | $93.25 removed from Slot Machine in 1B 516 |
| 516 | All American Slot Machine, Bally's (Manufacturer), Model S63U3WT-10, S/N S970518491 |
| 517 | 777 Slot Machine, Bally's (Manufacturer), Model S65L3CT60, S/N S970316561 |
| 517 | $31.00 removed from Slot Machine in 1B 517 |
| 520 | FEG/KBI pistol, Model PJK-9HP, S/N G02677, 9mm caliber |
| 529 | Two shotgun rounds, one .410-gauge round, 40 rounds .45 caliber, magazine with seven rounds of .45 caliber |
| 536 | Roaring '20's Slot Machine, Bally's (Manufacturer), Model S62M3CT-10, S/N 5970519159 |
| 536 | $16.75 removed from Slot Machine in 1B 536 |
| 543 | DD 2003 Calendar |
| 545 | 1 Maxell CD-R, 700 mb, DD by-laws |

| Item Number | Item Description |
|---|---|
| 546 | One Devil's Disciples gold ring "20 years" and ring box |
| 603 | Five .380 caliber rounds |
| 604 | AMT Pistol, Model Backup, S/N D00709, .380 caliber |
| 605 | Winchester Defender Shotgun, S/N L2079329, 12-gauge |
| 606 | Seven 12-gauge Winchester shotgun shells |
| 607 | One box 12-gauge shotgun shells |
| 609 | 2 Bar Slot Machine, Bally's (Manufacturer), Model S63L3WT-10, S/N S940202515 |
| 609 | $169.50 removed from Slot Machine in 1B 609 |
| 610 | 3 Bar Slot Machine- Wild Rose, Bally's (Manufacturer), Model S62B3VT-10, S/N S930805443 |
| 610 | $69.00 removed from Slot Machine in 1B 610 |
| 611 | 3 Bar Slot Machine - 7 Second Chance, Bally's (Manufacturer), Model S63U3WT10, S/N S950100082 |
| 611 | $234.00 removed from Slot Machine in 1B 611 |
| 612 | 3 Bar Slot Machine - Blazing 777, Bally's (Manufacturer), Model S63U3CT-70, S/N S970316959 |

| Item Number | Item Description |
| --- | --- |
| 612 | $74.75 removed from Slot Machine in 1B 612 |
| 613 | 3 Bar Slot Machine - Blazing 777, Bally's (Manufacturer), Model S63BCT-60, S/N S970316552 |
| 613 | $89.50 removed from Slot Machine in 1B 613 |
| 614 | Crossman Air Rifle, Model 140, No S/N .22 caliber |
| 615 | "44" Photo Plaque with one photo |
| 616 | "Vern DDMC" picture plaque with one photo |
| 617 | Surveillance video monitor and two cameras |
| 618 | DD photo collage |
| 620 | One bag containing numerous .357 magnum rounds |
| 625 | DD Biker photo collage |
| 804 | Colt Revolver, Trooper Mark III, S/N 16805L, .357 caliber |
| 805 | Glock Pistol, Model 17, S/N DM075US, 9mm |
| 806 | Shotgun, make and model unknown, S/N 167347, 12-gauge with knife in leather case attached to firearm |
| 807 | Remington Rifle, Model 722, S/N 138392 with black gun sight, Universal Gamegetter, S/N RE-12 |

| Item Number | Item Description |
|---|---|
| 808 | Mossberg Shotgun, Model 500A, S/N K429784, 12-gauge |
| 809 | CBC (Compania Braziliera de Cartuchos) Shotgun, Model 586, S/N 74823, 12-gauge |
| 810 | Winchester Rifle, Model 1917, S/N 442789, .30-06 caliber with black gun sight, Redfield Gun Sight Company, S/N A39146 |
| 811 | Remington Arms Company Shotgun, Model Sportsman, S/N 512449, 12-gauge |
| 812 | Unknown shotgun, Model Unknown, No S/N, 12-gauge |
| 813 | Remington Arms Company Shotgun, Model 870 Express, S/N W886502M, 12-gauge |
| 814 | Mossberg Shotgun, Model 500A, S/N J501722, 12-gauge |
| 817 | Ruger Model Mark II .22 caliber pistol, S/N: 216-82096 |
| 818 | AWC Systems Technology .22 caliber silencer, S/N: A-978 |
| 826 | Glock Handgun, Model 19, S/N SZ500US, 9mm |

| Item Number | Item Description |
| --- | --- |
| 953 | One sealed bag containing three men's gold colored rings, one silver colored men's ring, one gold colored pendant (all DD related) |
| 983 | Bersa Handgun, Model Thunder 380, S/N 903222, .380 caliber with magazine (1B985) and seven rounds of ammunition (1B984) |
| 1178 | Smith & Wesson Model 4003 .40 caliber pistol, S/N: VZT3167 |
| 1182 | Smith & Wesson Model 629 .44 caliber revolver, S/N: BSR4544 |
| 1248 | Ithaca shotgun, Model 37-Featherlight, S/N 371322238, 12-gauge |
| 1249 | Black leather vest with "Devil's Diciples" insignia |
| 1346 | Winchester Model 300 20-gauge shotgun, S/N: Q77685 |
| 1347 | Taurus Model 85 .38 special revolver, S/N: ND91244 |
| n/a | 1 Ashiba Digital Scale, Model 1625 with case |
| n/a | 8 each, 9mm Luger Rounds |

| Item Number | Item Description |
|---|---|
| n/a | Norinco Pistol, Semi Auto, Model 213, 9mm, (made in China), S/N N1106873, and one magazine |
| n/a | Mossberg Shotgun, Model 500A, 12-gauge, S/N R360534 |
| n/a | Sentry, Model 1170 safe, No. T196490 |
| n/a | One black leather vest with miscellaneous DD patches |
| 1183, 1184 | Colt Model Mustang Plus II .380 caliber pistol, S/N: RS49049 with magazine |
| 1185, 1186 | Glock GMBH Model G39 .45 caliber pistol, S/N: HCM857 with magazine |
| 1189, 1188 | Smith & Wesson Model 296 .44 caliber revolver, S/N: CDH4327 with magazine |
| 1191, 1190 | Keltec, CNC Industries, Inc. Model P32 .32 caliber pistol, S/N: 16326 with magazine |

(Hereinafter, the "Subject Property").

Based upon the information contained in the Application, the contents of Defendant's Rule 11 Plea Agreement, Defendant's conviction for violating 18 U.S.C. § 1962(d) as set forth in Count One of the Third Superseding Indictment, Defendant's agreement to forfeit the Subject Property, and other information in the

11

record, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. Pursuant to 18 U.S.C. § 1963(a)(1)-(3) and Fed.R.Crim.P. 32.2, Defendant shall forfeit to the United States (a) any and all interest Defendant has acquired or maintained in violation of 18 U.S.C. § 1962; (b) any and all interest in, security of, claim against, or property or contractual right of any kind affording a source of influence over any Enterprise named and described in Count One of the Third Superseding Indictment which Defendant established, operated, controlled, conducted or participated in the conduct of, in violation of 18 U.S.C. § 1962; and (c) any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, from racketeering activity in violation of 18 U.S.C. § 1962, including, but not limited to, the Subject Property.

2. The Subject Property **IS HEREBY FORFEITED** to the United States for disposition according to law, and any right, title or interest of Defendant, and any right, title or interest that his heirs, successors, or assigns, have or may have in the Subject Property **IS HEREBY AND FOREVER EXTINGUISHED**.

3. The Court has determined, based upon the contents of Defendant's Rule 11 Plea Agreement, and other information in the record, that there is a sufficient nexus between the Subject Property and the violation of Count One as set

forth in the Third Superseding Indictment in that the Subject Property constitutes an interest acquired or maintained in violation of 18 U.S.C. § 1962(d), and/or constitutes an interest in, security of, claim against, or property or contractual right affording a source of influence over the Enterprise named and described in Count One of the Third Superseding Indictment which Defendant established, operated, controlled, conducted or participated in the conduct of, in violation of 18 U.S.C. § 1962(d), and/or is property constituting, or derived from, proceeds obtained, directly or indirectly, from racketeering activity in violation of 18 U.S.C. § 1962(d).

4. This Order shall become final as to Defendant at the time it is entered and the forfeiture shall be made part of Defendant's sentence and included in Defendant's Judgment.

5. Upon entry of this Preliminary Order of Forfeiture, the United States Attorney General or his designee is authorized to commence any applicable proceeding to comply with the statutes governing third party rights, including giving notice of this Order.

6. Pursuant to 18 U.S.C. § 1963(l), the United States shall publish notice of this Preliminary Order of Forfeiture and of its intent to dispose of the Subject Property in such manner as the Attorney General may direct on [www.forfeiture.gov](www.forfeiture.gov) for at least thirty (30) consecutive days. Said notice

shall direct that any person, other than the Defendant, asserting a legal interest in the Subject Property, may file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier. The petition shall be for a hearing before the Court alone, without a jury and in accordance with 18 U.S.C. § 1963(l)(2), to adjudicate the validity of the petitioner's alleged interest in the Subject Property. Pursuant to 18 U.S.C. § 1963(l)(3), any petition filed by a third party asserting an interest in the Subject Property must be signed by the petitioner under penalty of perjury and must set forth the nature and extent of the petitioner's alleged right, title or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Subject Property, any additional facts supporting the petitioner's claim, and the relief sought. Pursuant to 18 U.S.C. § 1963(l)(1), the United States may also, to the extent practicable, provide direct written notice to any person or entity known to have an alleged interest in the Subject Property.

7. The United States is hereby authorized, pursuant to 18 U.S.C. § 1963(k) and Federal Rules of Criminal Procedure 32.2 (c), to conduct any discovery in the ancillary proceeding in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is proper and desirable.

8. Pursuant to 18 U.S.C. § 1963(l)(7), following the Court's disposition of any petitions for ancillary hearing, or, if none, following the expiration of the period provided in 18 U.S.C. § 1963(l)(2) for the filing of third party petitions, the United States shall have clear title to the Subject Property, all other interests in the Subject Property shall be FORFEITED to the United States, this Order shall become the Final Order of Forfeiture as provided by Federal Rule of Criminal Procedure 32.2(c)(2), and the United States shall be authorized to dispose of the Subject Property as prescribed by law.

9. Defendant shall not contest, or assist anyone else in contesting, the forfeiture of all of the firearms, silencers and ammunition, U.S. Currency, motorcycles, slot machines, tools, computers, thumb drives, laptops, cameras, monitors, electronic equipment, "Colors" including but not limited to center wheel, vests, pins and patches, clothing, merchandise, jewelry, paraphernalia, and other personal property bearing any Devil's Diciples' labeling, markings, logos or symbols, that were seized in connection with the investigation of this case, as well as those seized in connection with the investigation and prosecution of *United States v. Jeff Garvin Smith, et. al.*, Case No. 11-20066, United States District Court, Eastern District of Michigan, in any forfeiture action or proceeding.

10. Defendant shall not contest the forfeiture of, or file a petition or claim in connection with, any property that the government seeks to forfeit from any other defendant in this case, and from any defendant in *United States v. Jeff Garvin Smith, et. al.*, Case No. 11-20066, United States District Court, Eastern District of Michigan.

11. The Court retains jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

**IT IS SO ORDERED.**

    S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: January 4, 2019

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, January 4, 2019, by electronic and/or ordinary mail.

    S/Lisa Wagner
Case Manager and Deputy Clerk
(810) 292-6522